PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3755

_____

PATRICK COLEMAN,
                                        Appellant
v.

SUPERINTENDENT GREENE SCI; THE DISTRICT
ATTORNEY OF THE COUNTY OF PHILADELPHIA; THE
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-01683)
District Judge: Honorable Stewart Dalzell

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 19, 2016

Before: MCKEE, Chief Judge,[*] HARDIMAN, and
RENDELL, *Circuit Judges*.

_____

[*] Chief Judge Theodore A. McKee's term as Chief
Judge ended on September 30, 2016.

(Filed: January 5, 2017)

Michael Wiseman, Esq.
P.O. Box 120
Swarthmore, PA 19081
    *Counsel for Appellant*

Max C. Kaufman, Esq.
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA 19107
    *Counsel for Appellees*

---

OPINION

---

HARDIMAN, *Circuit Judge*.

This appeal involves a petition for writ of habeas corpus that was dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Despite his tardy filing, Appellant Patrick Coleman claims that it was a fundamental miscarriage of justice to deny him his day in court. Because Coleman cannot satisfy the actual innocence requirement of the fundamental miscarriage of justice exception to AEDPA, we will affirm.

I

Coleman was tried along with several other defendants for his involvement in a gang-related shooting that occurred

2

at Tobin's Inn Restaurant on August 10, 1989. *See Coleman v. Folino*, 2015 WL 6379296, at *1 (E.D. Pa. Oct. 21, 2015). The month-long trial included 76 witnesses for the Commonwealth, only one of whom testified as to Coleman's involvement in the shooting. *Id.* Coleman was convicted of first-degree murder, two counts of aggravated assault, criminal conspiracy, and possession of an instrument of a crime. *Id.* at *1–2. Significantly for purposes of this appeal, Coleman was acquitted of violating the Pennsylvania Corrupt Organizations Act (PCOA), 18 Pa. Cons. Stat. § 991. *Id.* at *2. The Pennsylvania Superior Court affirmed Coleman's convictions, and he did not seek review by the Pennsylvania Supreme Court. *Id.*

Two years after Coleman's convictions became final, the Pennsylvania Supreme Court held that the PCOA did not apply to an individual's participation in a wholly illegitimate enterprise. *Commonwealth v. Besch*, 674 A.2d 655, 655 (Pa. 1996).[1] Had *Besch* been the law when Coleman was tried, he could not have been charged with a PCOA violation because the gang to which he belonged was wholly illegitimate. *Coleman*, 2015 WL 6379296, at *3. Coleman failed to raise a

---

[1] Two months after *Besch*, apparently in response to that decision, "the [Pennsylvania] General Assembly amended the [PCOA's] definition of the term 'enterprise' explicitly making clear that the statute targets both legitimate and wholly illegitimate enterprises." *Commonwealth v. Williams*, 936 A.2d 12, 18 (Pa. 2007); *see also* 18 Pa. C.S. § 911(h)(3). The Pennsylvania Supreme Court later ruled that *Besch* was not a "new rule of law" and was retroactive to cases on collateral review. *Kendrick v. Dist. Att'y of Phila. Cty.*, 916 A.2d 529, 531 (Pa. 2007).

claim under *Besch* when he twice sought post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541.

Coleman's PCRA petitions—a pro se petition filed in 2002 and a counseled petition filed in 2007—sought reinstatement of his appellate rights based on ineffective assistance of counsel. Coleman claimed his attorney had agreed to appeal his conviction to the Pennsylvania Supreme Court but failed to do so. Both petitions were denied.

In 2014, Coleman filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. Coleman argued that he was denied due process because the evidence introduced against his co-defendants was unfairly imputed to him. The Magistrate Judge recommended that Coleman's petition be dismissed as untimely under AEDPA, which imposes a one-year statute of limitation on applications for writs of habeas corpus. Although Coleman conceded his petition was filed well outside that period, he asserted that his claim should be considered under the fundamental miscarriage of justice exception and principles of equitable tolling.

The District Court dismissed the petition with prejudice. The Court found that Coleman did not meet the requirements of the fundamental miscarriage of justice exception because he could not prove he was actually innocent. Nevertheless, the Court concluded that "reasonable jurists could disagree as to whether a conviction arising from a twenty-eight day trial where seventy-six witnesses were called and only one testified as to Coleman's participation in the Tobin's Inn Shooting can be considered a fundamental miscarriage of justice." *Coleman*, 2015 WL 6379296, at *6.

4

Accordingly, the Court issued a certificate of appealability "on the sole issue of whether the [fundamental miscarriage of justice exception] applies to this matter and therefore excuses Coleman's untimely filing of his petition." *Id.*

II

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have appellate jurisdiction to review the certified issue under 28 U.S.C. § 2253. "Our review of the timeliness of a federal habeas application is plenary." *Hartmann v. Carroll*, 492 F.3d 478, 480 (3d Cir. 2007).

III

AEDPA imposes a one-year statute of limitation "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). Because Coleman's final judgment was entered before Congress adopted AEDPA, Coleman had until April 23, 1997 to apply for federal habeas relief. *See Long v. Wilson*, 393 F.3d 390, 394 n.4 (3d Cir. 2004). Coleman concedes, as he must, that his petition was untimely.

Coleman argues that his petition was subject to the fundamental miscarriage of justice exception to AEDPA. This exception "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The exception may overcome procedural default rules such as the timing requirements of 28 U.S.C. § 2244(d)(1). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013) (citing cases). And it "seeks to balance the societal interests in finality, comity, and conservation of

5

scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The fundamental miscarriage of justice exception is narrow. The Supreme Court has applied it "to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1933 (alteration in original) (quoting *Schlup*, 513 U.S. at 329). Put differently, the exception is only available when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316). In *Schlup*, the Supreme Court emphasized that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." 513 U.S. at 316.

Coleman "cannot and does not argue that his habeas petition presented a claim of factual actual innocence." Coleman Br. 27. Instead, he argues that the actual innocence requirement noted by the Supreme Court in *Schlup* and *McQuiggin* is merely dicta. As such, he suggests we can (and should) excuse his late filing, claiming he suffered a fundamental miscarriage of justice because the (later) invalid PCOA charge rendered his trial unfair, even though he was acquitted of that charge.

We disagree with Coleman's characterization of the actual innocence requirement. A dictum is "a statement in a

6

judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding." *United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014) (citation omitted). As we shall explain, the actual innocence requirement formed the basis of the Supreme Court's holding in *McQuiggin*.

The Supreme Court "granted certiorari to resolve a Circuit conflict on whether AEDPA's statute of limitations can be overcome by a showing of actual innocence." *McQuiggin*, 133 S. Ct. at 1930. The Court answered in the affirmative, "hold[ing] that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or[] . . . expiration of the statute of limitations." *Id.* at 1928. As noted above, the Court emphasized repeatedly throughout its opinion that this exception is rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (alteration in original) (quoting *Schlup*, 513 U.S. at 329); *see also id.* at 1933 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" (quoting *Schlup*, 513 U.S. at 329)); *id.* at 1935 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting *Schlup*, 513 U.S. at 327)); *id.* at 1936 ("The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot

have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting *Schlup*, 513 U.S. at 316)). These statements—when combined with the absence of any language in the Court's opinion to the contrary—convince us that the actual innocence requirement was essential to the Court's holding.[2]

Because Coleman failed to present a claim of actual innocence, we hold that his habeas petition was untimely under AEDPA. In doing so, we adhere to the Supreme Court's guidance in *McQuiggin*: the fundamental miscarriage of justice exception applies only in cases of actual innocence. 133 S. Ct. at 1928. To avoid the statutory time bar, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.*

---

[2] Even if the Court's actual innocence requirement were dicta, "we [will] not idly ignore considered statements the Supreme Court makes in dicta." *In re McDonald*, 205 F.3d 606, 612 (3d Cir. 2000). "To ignore what we perceive as persuasive statements by the Supreme Court is to place our rulings, and the analysis that underlays them, in peril." *Galli v. N.J. Meadowlands Comm'n*, 490 F.3d 265, 274 (3d Cir. 2007). So even if we found the Court's analysis of the actual innocence requirement to be dicta, we would reach the same result.

## IV

For the reasons stated, we will affirm the District Court's order dismissing Coleman's petition for writ of habeas corpus.