**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1782
_____

SERGEY ALEYNIKOV,
Appellant

v.

GOLDMAN SACHS GROUP, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-12-cv-05994)
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2021

Before:  SHWARTZ, PORTER and FISHER, *Circuit Judges*.

(Filed: February 11, 2022)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

Sergey Aleynikov was prosecuted for stealing computer code while he was

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

employed as a vice president and computer programmer at a subsidiary of the Goldman Sachs Group. Aleynikov sued Goldman, seeking advancement and indemnification for his legal fees. Aleynikov argued that Goldman's bylaws provided for advancement and indemnification of its officers, and that because the term "officer" was ambiguous, it should be construed against Goldman as the drafting party according to the principle of *contra proferentem*. A panel of this Court ruled on this issue in an earlier appeal, holding that, under Delaware law, *contra proferentem* did not apply.[1] After we remanded, the District Court granted Goldman's motion for judgment on the pleadings. On this second appeal, Aleynikov relies on a Delaware Chancery Court opinion to argue that we should reconsider our earlier *contra proferentem* holding. Our holding, however,  is the law of the case. And because the circumstances for departing from the law of the case are not present, we will affirm.

The law of the case doctrine provides that "one panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case."[2] The doctrine "does not apply to dicta"; rather, it precludes review of legal issues actually decided in a prior appeal.[3] The Supreme Court has counseled that an appellate court "has the power to revisit [its own] prior decisions [in the same case] . . . in any circumstance"—however, a court should not do so absent "extraordinary

---

[1] *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 366–67 (3d Cir. 2014).
[2] *In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998).
[3] *Id.* at 718.

circumstances."[4] We have recognized three circumstances where the law of the case doctrine does not preclude reconsideration of an earlier panel's decision: "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice."[5] Thus, our first inquiry here is whether our earlier determination on *contra proferentem* was dicta. Our second inquiry is whether this case presents any circumstances allowing us to depart from the law of the case doctrine.

At the outset, there is no question that our earlier determination on the application of *contra proferentem* was a holding rather than dicta. Indeed, whether *contra proferentem* may be used as an interpretive aid in construing Goldman's bylaws was one of the central questions before us on that appeal. And the majority opinion in no uncertain terms held that *contra proferentem* was not applicable in interpreting whether an individual was a party to a contract under Delaware law.[6]

Next, we must determine whether this case presents any extraordinary circumstances freeing us from the law of the case doctrine. Two of the recognized circumstances may be pertinent: first, whether the Delaware Chancery Court opinion

---

[4] *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).
[5] *Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).
[6] *Aleynikov*, 765 F.3d at 367 ("[C]ontra proferentem has no application in resolving whether a person has rights under the contract at all—here, whether Aleynikov is an officer of [Goldman].")

constitutes a supervening change in law as to the applicability of *contra proferentem*; and second, whether our earlier decision is clearly erroneous and creates a manifest injustice.[7] We conclude that neither circumstance is present here.

First, the Delaware Chancery Court opinion does not constitute a supervening change in law because its discussion of *contra proferentem* was non-binding dicta. Dicta are statements in a judicial opinion that "could have been deleted without seriously impairing the analytical foundations of the holding."[8] The Chancery Court's statements on *contra proferentem* played no role in the "analytical foundations of its holding."[9] The discussion could be excised entirely and the order's legal underpinnings would not be diminished. The Vice Chancellor said so when he wrote that his musings on *contra proferentem* were "of no moment" because he was bound by our earlier decision on the issue.[10] The Delaware Supreme Court affirmed this reasoning, holding that the Vice Chancellor's "expressi[ons] [of] concern" over our earlier decision did not detract from his proper adherence to that decision under issue preclusion.[11]

Aleynikov argues that the Vice Chancellor's thoughts on the applicability of *contra proferentem* were "considered dicta" and thus should be accorded the weight of a

---

[7] *See Pub. Int. Rsch. Grp.*, 123 F.3d at 117.
[8] *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017).
[9] *Id.*
[10] *Aleynikov v. The Goldman Sachs Grp., Inc.*, No. 10636-VCL, 2016 WL 3763246, at *7 (Del. Ch. July 13, 2016), *aff'd*, 155 A.3d 370 (Del. 2017) (unpublished table decision).
[11] *Aleynikov*, 155 A.3d at 370

change in law.[12] Aleynikov misses the mark by pointing, at this stage of the case, to the Vice Chancellor's considered dicta to show why we should depart from our earlier holding. While it would have been appropriate for us to evaluate considered dicta on *contra proferentem* for persuasiveness when we made our initial *Erie* prediction, that no longer holds true. At this stage, with a holding on this issue from the earlier panel, considered dicta doesn't move the needle. Aleynikov would need more—for example, a holding from the Delaware Supreme Court or Chancery Court, or a newly-passed statute—to show a change in law.

On this appeal, we are tasked with deciding whether there are any circumstances for overruling our earlier panel's decision. To do so, there must be a supervening change in law—and that has not occurred. The Delaware Supreme Court made this plain when it upheld the Chancery Court, noting that it "express[ed] no view at all on whether the Third Circuit ruling was correct . . . or on the Vice Chancellor's consideration of [the *contra proferentem*] question."[13] No matter how careful, considered, or thorough the Vice Chancellor's *contra proferentem* analysis may have been, it was not the basis for the holding and did not change the law. The District Court was thus correct in holding that the Vice Chancellor's "comments as to Delaware law 'must be regarded as dict[a]

---

[12] Appellant's Br. 25 (emphasis omitted) (citing *Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214, 225 (3d Cir. 2020)).

[13] *Aleynikov*, 155 A.3d at 370.

without any precedential value.'"[14]

As for the second circumstance, our earlier holding that *contra proferentem* is inapplicable is not clearly erroneous and does not create a manifest injustice. We have held that, in determining whether to depart from the law of the case doctrine under this exception, we owe our earlier panel "a certain degree of deference" since it "has already ruled on [the issue at hand]."[15] Therefore, we are not to consider the *contra proferentem* question as a matter of first impression. Instead, "[o]ur current task is to evaluate [our] prior determination solely for clear error."[16]

We cannot say our earlier panel committed clear error. To start, the panel's decision was made in the absence of controlling authority on point.[17] Based on the panel's reading of Delaware law, "*contra proferentem* 'protects the reasonable expectations of people who join a partnership or other entity after it was formed and must rely on the face of the operating agreement to understand *their rights and obligations* when making the decision to join.'"[18] Moreover, Aleynikov readily admitted that the idea of Goldman paying his legal fees "never crossed [his] mind" when he began working at

---

[14] *Aleynikov v. Goldman Sachs Grp., Inc.*, No. 2:12:-CV-5994, 2018 WL 1919834, at *9 (D.N.J. Apr. 23, 2018) (quoting *Gatz Props., LLC v. Auriga Cap. Corp.*, 59 A.3d 1206, 1218 (Del. 2012)).

[15] *Phila. Litig.*, 158 F.3d at 720.

[16] *Id.*

[17] *Aleynikov*, 765 F.3d at 366.

[18] *Id.* (quoting *Stockman v. Heartland Indus. Partners, L.P.*, Nos. 4227-VSC, 4427-VCS, 2009 WL 2096213, at *5 (Del. Ch. July 14, 2009)).

Goldman.[19] From this, we held that *contra proferentem* is inapplicable to determine whether Aleynikov had *any* rights under Goldman's bylaws since it is an interpretive aid to determine the *scope* of contractual rights.[20] This holding may not be unassailable, but it is not clearly erroneous.

Because our earlier *contra proferentem* holding is not clearly erroneous, there is no need to determine whether that holding creates a manifest injustice. However, even if there had been clear error, there was no manifest injustice—that is, no "direct, obvious, and observable error."[21] As discussed above, Aleynikov had no expectation that Goldman would cover his legal fees.[22] And for good reason—as we noted in our earlier decision in this case, out of tens of thousands Goldman employees, "[a]pproximately one[]third . . . hold the title of vice president."[23] Aleynikov was earning $400,000 a year at the time he resigned from Goldman, and it was his illegal conduct—for which he was convicted in the State of New York[24]—that precipitated this litigation. Under these facts, we cannot say our earlier decision creates a manifest injustice.[25]

---

[19] *Id.* at 367 n.11.
[20] *Id.* at 367.
[21] *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019).
[22] *Aleynikov*, 765 F.3d at 367 n.11.
[23] *Id.* at 354.
[24] *People v. Aleynikov*, 104 N.E.3d 687, 701 (N.Y. 2018).
[25] *See, e.g.*, *Arizona v. California*, 460 U.S. 605, 626 n.19 (1983) (concluding that the inability of Native Tribes "to use all the rights allocated to them" under a 1964 decree apportioning water among lower basin States "is hardly the mark of manifest injustice" in the face of "serious water shortages faced by all people, including other Tribes").

The law of the case doctrine protects "ideals such as finality, judicial economy and jurisprudential integrity."[26] A previous panel of this Court held that *contra proferentem* is inapplicable in Aleynikov's case. No Delaware Court has held otherwise. Nor can we say that our holding is clearly erroneous or would create a manifest injustice. That holding is therefore law of the case.

We will affirm.

---

[26] *Phila. Litig.*, 158 F.3d at 717–18.